UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
:
ORIX PUBLIC FINANCE, LLC,  :  Docket No.
:
Plaintiff,  :
:
- against -  :  **COMPLAINT**
:
FRANKLIN C. GATLIN, III,  :
:
Defendants.  :
:
------------------------------------------------------------------x

Plaintiff ORIX Public Finance, LLC, complaining of defendant Franklin C. Gatlin, III, alleges as follows:

### Nature of Action

1. This is an action to enforce a mortgage loan guaranty.

### Parties

2. Plaintiff ORIX Public Finance, LLC ("ORIX" or "Lender"), is a Delaware limited liability company.

3. ORIX and its members are citizens of Delaware and Texas for purposes of diversity.

4. Defendant Franklin C. Gatlin, III ("Gatlin") is a citizen of Florida.

## Jurisdiction and Venue

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 since there is diversity of citizenship between the parties and the amount in controversy is in excess of $ 75,000 exclusive of interest and costs.

6. Venue is proper in this District because Gatlin agreed that all actions arising out of or relating to the guaranty underlying this action shall be litigated solely in any state or federal court located within New York County.

## The Background

7. On or about March 10, 2015, ORIX made a mortgage loan (the "Mortgage Loan") to Shingle Creek LLC ("Shingle Creek" or "Borrower").

8. The Mortgage Loan is evidenced by, among other documents, a Loan and Security Agreement (the "Loan Agreement"), a Mortgage, Security Agreement and Fixture Filing (the "Mortgage"), a Multiple Advance Promissory Note (the "Note") and a Carveout Guaranty (the "Carveout Guaranty"), and collectively with all the other documents relating to the Mortgage Loan, the "Loan Documents").

9. The Loan Documents provide, among other things, for advances by ORIX to Shingle Creek in an amount up to $13,000,000.

10. ORIX made an initial advance of $ 10,500,000.

11. The Mortgage Loan is secured by, among other documents, the Mortgage.

12. The Mortgage is a lien on real property (the "Mortgaged Property") located in Hennepin County, Minnesota.

13. The maturity date ("Maturity Date") of the Loan was March 10, 2018, subject to extensions which were not exercised.

14. Gatlin signed the Loan Agreement on behalf of the authorized agents of Shingle Creek.

15. Gatlin signed the Note on behalf of the authorized agents of Shingle Creek.

16. A true copy of the Carveout Guaranty is annexed as Exhibit A.

17. Gatlin signed the Carveout Guaranty.

18. In the Carveout Guaranty, Gatlin consents to being subject to the personal jurisdiction of this Court.

19. ORIX is the holder of the Loan Documents.

20. At the time that Gatlin signed the Loan Documents, he was and still remains a sophisticated real estate developer.

21. Shingle Creek did not pay-off the Mortgage Loan on the Maturity Date.

22. The failure to pay-off the Mortgage Loan on the Maturity Date was an Event of Default under the Loan Documents.

## The Present Dispute

A. **The LTV Provision**

23. A true copy of § 2.3.1(e) of the Loan Agreement (the "LTV Provision") is annexed as Exhibit B.

24. The LTV Provision provides, in substance, that Shingle Creek will pay ORIX sufficient monies to reduce the principal balance of the Mortgage Loan so that the loan to value ratio ("LTV") of the principal balance of the Mortgage Loan to the value of the Mortgaged Property will not be greater than 60 percent.

25. The LTV Provision further provides that Lender may obtain an appraisal to establish the value of the Mortgaged Property in order to calculate the LTV ratio.

26. Neither the LTV Provision nor any of the other Loan Documents provide the Borrower or Gatlin with any rights to contest or dispute the value in the appraisal obtained by the Lender.

27. Pursuant to the LTV Provision, ORIX obtained an appraisal (the "Appraisal"), with an effective date (the "Effective Date") of May 16, 2018.

4

28. The Appraisal sets forth that the market value of the Mortgaged Property, as of the Effective Date, was $3,700,000.

29. As of the Effective Date of the Appraisal, the principal balance due on the Mortgage Loan was $3,897,304.

30. Accordingly, as of the Effective Date of the Appraisal, the LTV of the Mortgaged Property was 105% ($3,897,304.82/$3,700,000).

31. In order to reduce the LTV of the Mortgaged Property to 60%, the principal balance of the Mortgage Loan had to be reduced to $2,220,000.

32. If the principal balance of the Mortgage Loan was reduced to $2,220,000, the LTV of the Mortgaged Property would be 60% ($2,220,000/$3,700,000).

33. Thus, in order to obtain a LTV of 60%, Borrower had to pay $1,677,304.82 to ORIX to reduce the principal balance of the Mortgage Loan from the then current principal balance of $3,897,304.82 to $2,220,000.

34. By letters dated August 22, 2018 and December 11, 2018 to Shingle Creek and Gatlin, ORIX made demand (the "LTV Demands") for the payment of $1,677,304.82 so that the LTV would be reduced to 60%.

35. Shingle Creek has not paid any of the monies requested in the LTV Demands.

36. Section 1(d) of the Carveout Guaranty provides that Gatlin is liable for the monies (the "LTV Monies") not paid by Shingle Creek pursuant to the LTV Demands.

37. The Carveout Guaranty provides that Gatlin is liable for the LTV Monies plus interest at the Default Rate (as defined in the Loan Agreement) from 10 days of the LTV Demands.

**B.   Failure to Make Deposits for Real Estate Taxes**

38. The Loan Agreement defines "Impositions" as including real estate taxes on the Mortgaged Property.

39. Section 2.5.6 of the Loan Agreement provides that Borrower shall be responsible to ensure that Lender receives all Impositions thirty days prior to the respective due date.

40. Section 2.5.6 of the Loan Agreement further provides that upon demand by Lender, Borrower shall pay over to Lender the amounts needed to pay the Impositions.

41. Section 2.5.1 of the Loan Agreement provides that "[o]n each 6 month anniversary of the date hereof, the Borrower shall deposit with the Lender an

6

amount equal to 6 months of the estimated Impositions and Premiums for the next 6 months, as determined by Lender, which shall be, absent manifest error, binding and conclusive."

42. Paragraph 1(c)(iv) of the Carveout Guaranty imposes liability on Gatlin for any failure to pay the Deposits (as defined in the Loan Agreement) when required by the Loan Agreement.

43. On information and belief, Shingle Creek directly paid to the applicable authorities the real estate taxes on the Mortgaged Property for all real estate tax payments that were due prior to May 2018.

44. By letters dated December 5, 2018 (the "December 5th Demand") and December 11, 2018 (the "December 11th Demand") to Shingle Creek and Gatlin, ORIX's counsel demanded that a deposit of $109,081.60 be paid as a reasonable estimate needed to pay the Impositions for the next six months.

45. Neither Shingle Creek nor Gatlin paid any part of the Deposit demanded in the December 5th Demand and the December 11th Demand.

46. Under the Carveout Guaranty, Gatlin is liable for the failure of Shingle Creek to make the Deposits requested in the December 5th Demand and December 11th Demand (the "Real Estate Tax Deposit Default"), plus interest at the Default Rate from 10 days of such demands.

## AS AND FOR A
## FIRST CAUSE OF ACTION

47. Plaintiff realleges all of the previous paragraphs in the complaint.

48. With respect to the LTV Provision, Gatlin owes Plaintiff the sum of $1,677,304.82 with interest at the Default Rate from ten days of the LTV Demands.

## AS AND FOR A
## SECOND CAUSE OF ACTION

49. Plaintiff realleges all of the previous paragraphs in the complaint.

50. Pursuant to the Carveout Guaranty, Gatlin owes Plaintiff the sum of $109,081.60 for the Real Estate Tax Deposit Default with interest on the amount demanded at the Default Rate from ten days of the demands for the Deposits.

## AS AND FOR A
## THIRD CAUSE OF ACTION

51. Plaintiff realleges all of the previous paragraphs in the complaint.

52. Pursuant to the terms of the Carveout Guaranty, Gatlin owes Plaintiff its costs and expenses relating to this action including reasonable attorneys' fees in an amount to be determined.

WHEREFORE, Plaintiff demands judgment against Gatlin as follows:

    A.    <u>On the first cause of action</u>:   $1,677,304.82 with interest at the Default Rate from ten days of the LTV Demands through the entry of judgment;

    B.    <u>On the second cause of action</u>:   $109,081.60 with interest at the Default Rate from 10 days of each demand for a Deposit through the entry of judgment;

    C.    <u>On the third cause of action</u>:   For Plaintiff's costs and expenses relating to this action including reasonable attorneys' fees in an amount to be determined; and

9

      D.    The costs and disbursements of this action, plus such other and further relief as this Court may deem just, proper and equitable.

Dated: January 4, 2019

                ARONAUER & YUDELL, LLP

                By: _____
                    Joseph Aronauer, A Member
                      of the Firm ( JA:3827)
*Attorneys for Plaintiff*
One Grand Central Place
60 East 42nd Street, Suite 1420
New York, New York 10165
(212) 755-6000